# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**                                        **Case No.  6:10-cv-1442-Orl-28DAB**

**NATIONAL BUSINESS INFORMATION CORPORATION,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ENTRY OF A DEFAULT JUDGMENT BY THE CLERK (Doc. No. 8)**
>
> **FILED:**     **February 7, 2011**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff, the United States, moves for entry of default judgment by the Clerk pursuant to Federal Rule 55(b)(1), which provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Rule 55(b)(1), Fed. R. Civ. Pro. Although the motion is directed to the Clerk, the matter has been referred to the undersigned magistrate judge. Upon review, the Court **recommends** that it be granted and the Clerk be directed to issue the judgment requested.

As set forth in the Complaint (Doc. No. 1), the United States seeks to enforce a Forfeiture Order issued pursuant to 47 U.S.C. § 503(b) by the Federal Communications Commission ("FCC") assessing a monetary forfeiture in the amount of $153,000.00 against Defendant National Business Information Corporation.[1] Plaintiff asserts that Defendant maintained an office in this District at all times relevant to the complaint, and the return of service indicates that service on the Defendant was executed on November 5, 2010 (Doc. Nos. 4 and 5). As Defendant failed to file a response to the Complaint, the Clerk entered a default on December 22, 2010 (Doc. No. 7). The instant motion seeks the entry of judgment in favor of the United States in the amount of $153,000.00, as set forth in the Certificate of Forfeiture (Doc. No. 8, p. 11). Despite service of the motion, Defendant has not filed a response.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held

---

[1] Plaintiff pleads that the Court has jurisdiction pursuant to 28 U.S.C. § 1355, which reads, in pertinent part:
(a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.
(b)(1) A forfeiture action or proceeding may be brought in--
(A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
(B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.
28 U.S.C.A. § 1355.
 The Complaint alleges that some of the acts giving rise to the violation (the sending of unsolicited facsimiles) occurred in this District as the facsimiles were sent from the Florida office location (Allegation 11).

to admit facts that are not well-pleaded or to admit conclusions of law."). As set forth in the Complaint and motion and accompanying exhibits, the FCC issued a Forfeiture Order on December 22, 2008 against Defendant, upon determining that Defendant "is liable for a monetary forfeiture for willfully and repeatedly violating section 227(b)(1)(c) of the Communications Act, 47 U.S.C. § 227(b)(1)(c), section 64.1200(a)(3) of the Commission's rules, 47 CFR § 64.1200(a)(3)" and related orders (Doc. No. 8 at p.8). In view of the uncontested allegations and exhibits, the Court finds the factual allegations of the Complaint provide a sufficient legal basis for entry of a default judgment. As the United States has presented a duly executed Certificate of Forfeiture attesting to the amount owed, and the corporate Defendant is not a minor or incompetent, it is **respectfully recommended** that the motion be **granted** and the Clerk be directed to enter judgment accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 28, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy